IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | |
|---|---|
| DANIEL LEE HALL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civil Action No. 3:15-12947 |
| ) | Criminal Action No. 3:09-00187 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Movant, acting *pro se* and currently incarcerated at Mount Olive Correctional Center[1], filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on September 4, 2015.[2] (Document No. 95.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 96.)

**FACTUAL BACKGROUND**

**1.    Criminal No. 3:09-00187:**

By Indictment filed on August 19, 2009, Movant was charged with three counts of using the United States Postal Service to mail threatening communications in violation of 18 U.S.C. § 876(c)

---

[1] It appears that during and since the proceedings in *United States v. Hall*, Criminal No. 3:09-00187, Movant was and has been in the custody of the State of West Virginia serving a five to fifteen year term of imprisonment. Movant therefore has yet to begin serving his sentence of 36 months imprisonment which the District Court imposed in *United States v. Hall*, Criminal No. 3:09-00187. *See* Document No. 50, ¶ 10.

[2] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Counts One, Two, and Three); and one count of knowingly using intimidation and threats with the intent to hinder, delay and prevent individuals from communicating information regarding a federal offense to a law enforcement officer or judge of the United States in violation of 18 U.S.C. § 1512(b)(3) (Count Four). United States v. Hall, Criminal No. 3:09-00187, Document No. 1. On May 19, 2010, Movant entered a guilty plea to Count One of the Indictment charging him with mailing threatening communications. Id., Document Nos. 30, 31, 33, and 34. The District Court sentenced Movant on August 31, 2010, to a 36-month term of incarceration to run consecutively to his undischarged State sentence. Id., Document Nos. 48 and 51. The District Court also imposed a three-year term of supervised release and a $100 special assessment. Id. Movant appealed his sentence to the Fourth Circuit Court of Appeals. Id., Document No. 53. The United States moved to dismiss based upon the appeal waiver contained in the plea agreement. By Order entered on March 15, 2011, the Fourth Circuit dismissed Movant's appeal finding that Movant "knowingly and voluntarily waived his right to appeal and that the issue Hall seeks to raise on appeal falls squarely within the compass of his waiver of appellate rights." Id., Document No. 63 and 64.

**2.     First Section 2255 Motion:**

On April 10, 2012, Movant filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action 3:12-1039, Document No. 68.) As grounds for relief, Movant asserted as follows: (1) Unknowing and involuntary guilty plea; (2) Ineffective assistance of counsel; (3) Improper use of an informer to convict; (4) Prosecutorial misconduct; (5) Prejudicial pre-trial publicity; and (5) Actual innocence. (Id.) By Proposed Findings and Recommendations entered on March 15, 2013, United States Magistrate Judge Cheryl A. Eifert recommended that Movant's Section 2255 Motion be denied. (Id., Document No. 86.) By

Memorandum Opinion and Judgment Order entered on May 31, 2013, United States District Judge John T. Copenhaver, Jr., adopted Judge Eifert's recommendation and denied Movant's Section 2255 Motion. (Id., Document Nos. 89 and 90.)

3.  **Section 3582 Motion:**

On February 27, 2015, Movant filed a "Motion for Modification and/or Reconsideration of Sentence." (Criminal Action 3:09-00187, Document No. 91.) Specifically, Movant requested that the Court "run his Federal sentence concurrent with his State time." (Id.) In support, Movant requested that the Court consider the "length of sentence already served, 2009-2014," and "the serious overcrowding of our prison systems." (Id.) By Order entered on March 4, 2015, the District Court denied Movant's Motion. (Id., Document No. 92.)

4.  **Second Section 2255 Motion:**

On September 4, 2015, Movant, acting *pro se,* filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 15-12947, Document No. 95.) As grounds for relief, Movant alleges that the Federal Public Defender's Office acted with "deliberate indifference" and violated the attorney-client privilege. (Id.) Movant explains that the Federal Public Defender's Office "placed [his] life in imminent danger by sending a letter to [him] at Huttonsville Correction Center that had already [been] sent roughly two years before." (Id., p. 4.) Movant states that the letter contained sensitive and confidential information. (Id.) Movant claims that the letter was "copied, defaced, and sent to every DOC and BOP facility in order for [him] to be attacked and killed by DMI Blood gang members." (Id.) Movant complains that he is now "forced to seek special management in all facilities, which denies [him] the right to rehabilitation, job training, academics, and religious services." (Id.) Finally, Movant contends that

the Federal Public Defender's Office violated his right to privacy and the attorney-client privilege "by sending such delicate confidential information through the mail when it is known that prison officials open all incoming correspondences." (Id., p. 5.) As relief, Movant requests that this Court "vacate or set aside his 36 month prison sentence due to his life being in imminent danger in the BOP." (Id., p. 13.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

The undersigned finds Movant's Section 2255 Motion to be a successive proceeding under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Movant does not contend that his Motion falls under either the category of newly

discovered evidence or new rule of constitutional law. Nevertheless, this Court need not reach the issue of whether Movant's Motion actually contains newly discovered evidence or presents a new rule of constitutional law.[3] "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A). Movant has failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion. A second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. Movant's Motion should be dismissed because Movant has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 95.), and **REMOVE** this matter from the Court's docket.

---

[3] In his instant Section 2255 Motion, Movant appears to be challenging the conditions of his confinement at Mount Olive Correctional Complex and alleging that an employee of the Federal Public Defender's Office violated his constitutional rights. If Movant wishes to assert a constitutional claim against a Federal actor, Movant should file a Complaint pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971) specifying, among other things, the Defendant(s) and stating his claims. If Movant wishes to challenge the conditions of his confinement at Mount Olive Correctional Complex, Movant should file a Complaint pursuant to 42 U.S.C. § 1983 specifying, among other things, the Defendant(s) and stating his claims.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: September 17, 2015.

R. Clarke VanDervort
United States Magistrate Judge