UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**DANIEL LEE HALL,**

    Movant,

v.                                         Civil Action No. 3:15-12947
                                             Criminal Action No. 3:09-00187

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION AND ORDER

This action was previously referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

On August 19, 2009, the grand jury returned a four-count indictment against movant. Counts One, Two and Three charge separate violations of 18 U.S.C. § 876(c) (mailing threatening communications). Count Four charges a violation of 18 U.S.C. § 1512(b)(3) (witness tampering). On May 21, 2010, movant pled guilty to Count One. On September 14, 2010, judgment was entered sentencing movant to, <u>inter alia</u>, a thirty-six month term of imprisonment running consecutively to an undischarged state custodial sentence. On September 29, 2010,

movant noticed an appeal, which was dismissed based upon the appeal waiver provision found in movant's plea agreement. Movant filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on April 10, 2012, which this court denied by order entered on May 31, 2013. On February 27, 2015, movant filed a motion for modification and/or reconsideration of his sentence, which this court denied by order entered on March 4, 2015.

On September 4, 2015, movant filed the instant section 2255 motion acting pro se. The magistrate judge, in his PF&R filed September 17, 2015, recommends the court deny the motion because movant failed to obtain certification from the Fourth Circuit Court of Appeals to file a successive petition under section 2255.

On October 8, 2015, the court received movant's objections. While the objections were not timely filed, the court has fully considered them and finds them meritless. The movant argues (1) his failure to seek leave to file a successive petition should be excused because he is acting pro se, and (2) due to his public defender's sending a sensitive and confidential letter to the state prison system in which he is still confined, he has been placed in protective custody with undue restrictions on his confinemant.

While movant is correct that a _pro se_ litigant's pleadings are to be construed liberally, the court cannot consider a successive petition filed under section 2255 absent certification from the court of appeals. 28 U.S.C. § 2255(h). To obtain certification, movant would have to show either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) a new, retroactively applicable rule of constitutional law. While the court of appeals is the proper forum to address these factors, the court notes the movant has not argued either exception would apply.

As discussed in the magistrate judge's PF&R, to the extent movant asserts that actions taken by an employee of the Federal Public Defender's Office or the conditions of his confinement have violated his constitutional rights, relief is not obtainable under 18 U.S.C. § 2255. However, other avenues of relief may be available. Movant has filed actions against the warden of Mount Olive Correctional Complex under 42 U.S.C. § 1983 and against the United States under 28 U.S.C. § 2671 et seq. (Federal Tort Claims Act), both of which are pending before this court.

Based upon a <u>de novo</u> review, and having found the objections meritless, the court adopts and incorporates herein the magistrate judge's PF&R. The court, accordingly, ORDERS that the movant's motion pursuant to 28 U.S.C. § 2255 be, and it hereby is, denied.

The Clerk is directed to forward copies of this order to the movant, all counsel of record, and the magistrate judge.

DATED: October 16, 2015

John T. Copenhaver, Jr.
United States District Judge